## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | | |
|---|---|---|
| ECOM PRODUCTS GROUP CORPORATION, a Florida-For-Profit Corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 8:21-cv-01573-WFJ-AEP |
| MICHAEL COX, an individual, | ) ) | |
| Defendant. | ) ) | |

### DEFENDANT MICHAEL COX'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND COUNTERCLAIM AGAINST PLAINTIFF

Defendant Michael Cox ("<u>Defendant</u>" or "<u>Cox</u>") answers Plaintiff's First Amended Complaint ("<u>Plaintiff's Complaint</u>") filed by Plaintiff ECOM Productions Group Corporation ("<u>Plaintiff</u>" or "<u>ECOM</u>") as follows:

### I. AFFIRMATIVE AND GENERAL DEFENSES

At the time of the preparation of this Answer, Defendant is unaware of all of the facts and circumstances giving rise to the claims set forth in Plaintiff's Amended Complaint. The following defenses are raised so as not to be waived as a matter of law. These defenses will be relied upon to the extent the facts developed show that they apply. Defendant reserves the right to assert additional defenses, which Defendant is not required to list as affirmative defenses.

## FIRST DEFENSE

Plaintiff has failed to state a claim for which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or the doctrine of laches.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, estoppel, and/or res judicata.

## FOURTH DEFENSE

Plaintiff's claims may be barred due to lack of consideration.

## FIFTH DEFENSE

Defendant reserves the right to amend this Answer to raise additional factual and legal defenses as they may become known through discovery and during the proceedings in this case.

## II.   ANSWERING THE SPECIFIC ALLEGATIONS IN THE AMENDED COMPLAINT

Without waiving the defenses asserted herein, Defendant specifically answers Plaintiff's allegations, in accordance with the numbered paragraphs in Plaintiff's Amended Complaint, as follows:

1.   Defendant admits the allegations contained in Paragraph 1.

2.   Defendant denies the allegations contained in Paragraph 2.

3.      Defendant admits the allegations contained in Paragraph 3.

4.      Defendant admits jurisdiction this Court has subject-matter jurisdiction over this action. Defendant denies the remaining allegations contained in Paragraph 4.

5.      Defendant admits the allegations contained in Paragraph 5.

6.      Defendant admits the allegations contained in Paragraph 6.

7.      Defendant admits personal jurisdiction and venue are proper in this matter. Defendant admits the Contract contains a choice of law and venue provision that speaks for itself. Defendant denies any remaining allegations contained in Paragraph 7.

8.      Defendant admits Plaintiff manages social media accounts for certain retailers and brands and that Plaintiff conducts email marketing campaigns on behalf of certain retailers and brands. Defendant denies the remaining allegations contained in Paragraph 8.

9.      Defendant denies the allegations contained in Paragraph 9.

10.      Defendant denies the allegations contained in Paragraph 10.

11.      Defendant admits Plaintiff and Defendant entered into a Contract, which commenced on January 1, 2020 and was intended to continue for a period of five (5) years, absent termination. Defendant denies any remaining allegations contained in Paragraph 11.

3

12.     Defendant admits the allegations contained in Paragraph 12.

13.     Defendant admits the allegations contained in Paragraph 13, including subparts (a) and (b).

14.     Defendant admits he performed services as required by the Contract. Defendant denies Plaintiff compensated Defendant as required by the Contract. Defendant denies any remaining allegations contained in Paragraph 14.

15.     Defendant admits Paragraph 15 contains a partial quotation of the Contract. Defendant denies any remaining allegations contained in Paragraph 15.

16.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 16; therefore, those allegations are denied.

17.     Defendant denies the allegations contained in Paragraph 17.

## "COUNT 1 – BREACH OF CONTRACT"

18.     Defendant incorporates by reference the allegations set forth in Paragraphs 1-17 of this Answer as if fully set forth herein.

19.     Defendant admits the allegations contained in Paragraph 19.

20.     Defendant denies the allegations contained in Paragraph 20.

21.     Defendant denies the allegations contained in Paragraph 21.

22.     Defendant denies the allegations contained in Paragraph 22.

23.     Defendant denies the allegations contained in Paragraph 23.

4

24.     Defendant is without knowledge regarding whether Blaine Lando and Sean Hecht divested; therefore, these allegations are denied. Defendant denies the remaining allegations contained in Paragraph 24.

25.     Defendant denies the allegations contained in Paragraph 25.

26.     Defendant denies the allegations contained in Paragraph 26.

27.     Defendant denies the allegations contained in Paragraph 27.

28.     Defendant denies the allegations contained in Paragraph 28.

29.     Defendant denies the allegations contained in Paragraph 29.

30.     Defendant denies the allegations contained in Paragraph 30.

31.     Defendant denies the allegations contained in Paragraph 31.

32.     Defendant denies the allegations contained in Paragraph 32.

33.     Defendant denies the allegations contained in Paragraph 33.

34.     Defendant denies the allegations contained in Paragraph 34.

35.     Defendant admits his Contract with Plaintiff contains a confidentiality clause. The Contract speaks for itself. Defendant denies breaching the Contract, including the confidentiality clause, in any way. Defendant denies the remaining allegations contained in Paragraph 35.

36.     Defendant admits the allegations contained in Paragraph 36.

37.     Defendant denies the allegations contained in Paragraph 37.

5

38.     Defendant denies the allegations contained in Paragraph 38.

39.     Defendant denies the allegations contained in Paragraph 39.

40.     Defendant denies the allegations contained in Paragraph 40.

41.     Defendant denies the allegations contained in Paragraph 41.

42.     Defendant denies the allegations contained in Paragraph 42.

43.     Defendant denies the allegations contained in Paragraph 43.

44.     Defendant denies the allegations contained in Paragraph 44.

45.     Defendant denies the allegations contained in Paragraph 45.

46.     Defendant denies the allegations contained in Paragraph 46.

Defendant denies Plaintiff is entitled to the relief requested in the Paragraph beginning with "WHEREFORE" and further requests all taxes and costs, including attorneys' fees, to be taxed against Plaintiff, a trial by jury made up of 12 jurors, and such other and further relief as the Court deems just, equitable and proper.

## "COUNT II – BREACH OF FIDUCIARY DUTY"

47.     Defendant incorporates by reference the allegations set forth in Paragraphs 1-46 of this Answer as if fully set forth herein.

48.     Defendant admits the allegations contained in Paragraph 48.

49.     Defendant admits Paragraph 49 outlines, in part, the requirements of Section 607.0830, Florida Statutes. Defendant denies violating the requirements of this statute in any way. Defendant denies any remaining allegations contained in

6

Paragraph 49.

50.     Defendant denies the allegations contained in Paragraph 50, including subparts (a) through (d).

51.     Defendant denies the allegations contained in Paragraph 51.

52.     Defendant denies the allegations contained in Paragraph 52.

53.     Defendant denies the allegations contained in Paragraph 53.

Defendant denies Plaintiff is entitled to the relief requested in the Paragraph beginning with "WHEREFORE" and further requests all taxes and costs, including attorneys' fees, to be taxed against Plaintiff, a trial by jury made up of 12 jurors, and such other and further relief as the Court deems just, equitable and proper.

## ANSWERING PLAINTIFF' S COMPLAINT AS A WHOLE

Defendant denies any allegation contained in Plaintiff's Amended Complaint not admitted, denied, or neither admitted nor denied for lack of sufficient knowledge as to the truth of the allegation(s).

## PRAYER FOR RELIEF

WHEREFORE having Answered Plaintiff's Amended Complaint fully, Defendant denies Plaintiff is entitled to any relief and further demands its immediate dismissal from this action with all costs taxed against Plaintiff and such other and further relief as this Court deems just, equitable, and proper under the circumstances.

### III.   DEFENDANT'S COUNTERCLAIM AGAINST PLAINTIFF

Defendant/Counterclaim Plaintiff Michael Cox ("Cox") files this Counterclaim against ECOM Productions Group Corporation ("ECOM").

### Parties, Jurisdiction, and Venue

1.

Cox is an individual residing in Monterey County, California.

2.

ECOM is a Florida-For-Profit Corporation with a principal place of business in Pinellas County, Florida, at 100 Second Avenue South, Suite 903-S, St. Petersburg, FL, 33701.

3.

Subject-matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000 (exclusive of interests and costs) and is between citizens of different states.

4.

This Court has *in personam* jurisdiction over ECOM in that ECOM is a Florida-For-Profit corporation with its principal place of business in Pinellas County, Florida. ECOM has also submitted to the jurisdiction of this Court pursuant to the express terms of the Contract entered into between the parties. *See* Exhibit A, Section 14.

5.

Venue is proper in this Court.

## **FACTUAL BACKGROUND**

6.

Cox incorporates by reference the allegations in Paragraph 1-5 of this Counterclaim as if fully stated herein.

7.

Cox is an individual in the business of providing international consulting services.

8.

ECOM is in the business of managing social media accounts and email marketing campaigns for certain retailers and brands.

9.

ECOM and Cox entered into a Letter of Agreement dated January 1, 2020 under which Cox was to provide international consulting services for the operation of ECOM (the "Contract"). A true and correct copy of the Contract is attached hereto as **Exhibit A**.

10.

The Agreement commenced on January 1, 2020 and was to continue for a period of five (5) years.

11.

Under the Contract, Cox's title was "Group COO and Head of Platforms" and Cox was to provide international consulting services, described in more detail in the Contract attached hereto as Exhibit A.

12.

Section 2 of the Contract required ECOM to compensate Cox for international consulting services rendered. *See* Exhibit A, Section 2.

13.

Cox performed international consulting services for ECOM from January 1, 2020 through June 12, 2020.

14.

 ECOM failed to pay Cox for the international consulting services Cox rendered to ECOM as required by the Contract.

## <u>COUNT I – BREACH OF CONTRACT</u>

15.

Cox incorporates by reference the allegations of paragraphs 1-14 of this Counterclaim as if fully restated herein.

16.

All conditions precedent to the bringing of this action and Cox's entitlement to collect the outstanding amounts owed by ECOM to Cox for international

consulting services rendered have been satisfied by Cox, waived, or excused by ECOM.

17.

By failing to pay Cox for consulting services rendered as required, ECOM breached the Contract and a breach of the covenant of good faith and fair dealing implied in all contracts.

18.

As a direct and proximate result of ECOM's breach of the Contract, Cox is entitled to a judgment against ECOM in an amount no event less than $120,000 plus attorney's fees, litigation costs, and interest.

WHEREFORE, Cox demands judgment against ECOM for the reasonable value of the services provided in an amount to be determined at trial, plus costs, interest, reasonable attorney's fees, and all other relief that the Court deems just and proper.

**COUNT II – QUANTUM MERUIT, IN THE ALTERNATIVE**

19.

Cox alleges in the alternative to his breach of contract claim, that Cox is entitled to recover in quantum meruit if it is determined that either a valid and enforceable contract does not exist, the existing contract does not cover the subject matter of the dispute between Cox and ECOM, Cox performed services that were

outside of or over and above those contemplated by the existing contract, or the existing contract is void.

20.

From January 1, 2020 through June 12, 2020, Cox conferred the benefit of international consulting services to ECOM.

21.

Cox conferred a benefit of international consulting services to ECOM by working as a consultant for ECOM.

22.

ECOM assented to the benefit conferred on ECOM by Cox by requesting and accepting Cox's consulting services.

23.

ECOM knew Cox was not providing the consulting services gratuitously.

24.

ECOM knew that Cox reasonably expected to be compensated for the services provided.

25.

The only compensation Cox was paid for his consulting services was 444,444 shares of ECOM.

26.

The issue price of the 444,444 shares of ECOM issued to Cox as compensation for his consulting services was $0.27 per share.

27.

Cox accepted share-based compensation because ECOM assured Cox that by the summer of 2020, the 444,444 shares issued to Cox would have all trading restrictions lifted and would be liquid.

28.

ECOM made this same promise to shareholders of another corporation (ElleShop China) in a term sheet signed in January of 2020.

29.

Given that ECOM signed an agreement making this same promise to another corporation, Cox was reasonably assured that ECOM would deliver on its promise.

30.

However, ECOM has failed to uphold its promise. As of today, the 444,444 shares of ECOM issued to Cox are restricted and are not liquid.

31.

ECOM has failed to meet its obligation of lifting the trading restrictions and other encumbrances on the shares issued to Cox.

32.

In fact, ECOM has not even "registered" Cox's 444,444 shares of ECOM, which is a condition precedent to having the shares' trading restrictions lifted.

33.

Due to the foregoing, the compensation of 444,444 shares of ECOM Cox was provided as compensation for his consulting services is effectively worthless, and Cox has not been compensated for the reasonable value of the services he rendered to ECOM.

34.

Since performing the consulting services for ECOM, Cox has demanded to be paid.

35.

Despite Cox's demands, ECOM has not paid Cox for the reasonable value of the services provided.

36.

As a result of ECOM's refusal to pay Cox for the reasonable value of the services provided, Cox has been damaged in an amount exceeding $120,000 plus interest, costs, and expenses.

WHEREFORE, Cox demands judgment against ECOM for the reasonable value of the services provided in an amount to be determined at trial, plus costs,

interest, reasonable attorney's fees, and all other relief that the Court deems just and proper.

## COUNT III - UNJUST ENRICHMENT, IN THE ALTERNATIVE

37.

Cox alleges in the alternative to his breach of contract claim, that Cox is entitled to recover in unjust enrichment if it is determined that either a valid and enforceable contract does not exist, the existing contract does not cover the subject matter of the dispute between Cox and ECOM, Cox performed services that were outside of or over and above those contemplated by the existing contract, or the existing contract is void.

38.

From January 1, 2020 through June 12, 2020, Cox conferred the benefit of international consulting services to ECOM.

39.

Cox conferred a benefit of international consulting services to ECOM by working as a consultant for ECOM.

40.

ECOM had knowledge of the benefit of consulting services being conferred to ECOM by Cox.

41.

ECOM assented to the benefit conferred on ECOM by Cox by requesting and accepting Cox's consulting services.

42.

ECOM voluntarily accepted and retained the benefit of consulting services conferred by Cox.

43.

ECOM knew Cox was not providing the consulting services gratuitously.

44.

ECOM knew that Cox reasonably expected to be compensated for the services provided.

45.

The only compensation Cox was paid for his consulting services was 444,444 shares of ECOM.

46.

The issue price of the 444,444 shares of ECOM issued to Cox was $0.27 per share.

47.

Cox accepted share-based compensation because ECOM assured Cox that by the summer of 2020, shares issued to Cox would have all trading restrictions lifted and would be liquid.

48.

ECOM made this same promise to shareholders of another corporation (ElleShop China) in a term sheet signed in January of 2020.

49.

Given that ECOM signed an agreement making this same promise to another corporation, Cox felt reasonably assured that ECOM would deliver on its promise.

50.

However, ECOM has failed to uphold its promise. The 444,444 shares of ECOM issued to Cox are restricted and are not liquid.

51.

ECOM has failed to meet its obligation of lifting the trading restrictions on the shares issued to Cox.

52.

In fact, ECOM has not even "registered" Cox's 444,444 shares, which is a condition precedent to having the shares' trading restrictions lifted.

53.

Due to the foregoing, the compensation of 444,444 shares of ECOM Cox was provided for his consulting services is effectively worthless, and Cox has not been compensated for the reasonable value of the services he rendered to ECOM.

54.

ECOM has not compensated Cox for the consulting services conferred by Cox.

55.

Under the circumstances, it would be inequitable for ECOM to retain the benefit of Cox's consulting services without first paying the value thereof to Cox.

56.

As a result of ECOM's refusal to pay Cox for the reasonable value of the services provided, Cox has been damaged in an amount exceeding $120,000 plus interest, costs, and expenses.

WHEREFORE, Cox demands judgment against ECOM for the reasonable value of the services provided in an amount to be determined at trial, plus costs, interest, reasonable attorney's fees, and all other relief that the Court deems just and proper.

## COUNT IV – PROMISSORY ESTOPPEL, IN THE ALTERNATIVE

57.

Cox alleges in the alternative to his breach of contract claim, that Cox is entitled to recover in promissory estoppel if it is determined that either a valid and enforceable contract does not exist, the existing contract does not cover the subject matter of the dispute between Cox and ECOM, Cox performed services that were outside of or over and above those contemplated by the existing contract, or the existing contract is void.

58.

From January 1, 2020 through June 12, 2020, Cox conferred the benefit of international consulting services to ECOM.

59.

Cox conferred a benefit of international consulting services to ECOM by working as a consultant for ECOM upon ECOM's request.

60.

ECOM induced Cox to provide consulting services by promising to compensate Cox for his services.

61.

The only compensation Cox was paid for his consulting services was 444,444 shares of ECOM.

19

62.

The issue price of the 444,444 shares of ECOM issued to Cox was $0.27 per share.

63.

Cox accepted share-based compensation because ECOM assured Plaintiff that by the summer of 2020, shares issued to Plaintiff would have all trading restrictions lifted and would be liquid.

64.

ECOM induced Cox to act by promising all trading restrictions related to Cox's 444,444 shares of ECOM would be lifted by the summer of 2020 and the shares would be liquid.

65.

ECOM should have reasonably expected its promise regarding the restrictions on and liquidity of the ECOM shares to induce Cox to act.

66.

ECOM's promise regarding the restrictions and liquidity of the ECOM shares did in fact induce Cox to act and to perform consulting services for ECOM.

67.

ECOM's promise regarding the restrictions and liquidity of the ECOM shares also induced Cox to agree to accept the shares as payment for his services.

20

68.

Cox's reliance on ECOM's promise was reasonable under the circumstances.

69.

ECOM made this same promise to shareholders of another corporation (ElleShop China) in a term sheet signed by ECOM in January of 2020.

70.

Given that ECOM signed a written agreement with another corporation making the same promises that had been made to Cox regarding shares of ECOM, Cox was reasonably assured that ECOM would deliver on its promises.

71.

ECOM has failed to uphold his promise. The 444,444 shares of ECOM issued to Cox are restricted and are not liquid.

72.

ECOM has failed to meet its obligation of lifting the trading restrictions on the shares issued to Cox.

73.

In fact, ECOM has not even "registered" Cox's 444,444 shares, which is a condition precedent to having the shares' trading restrictions lifted.

74.

Due to the foregoing, the compensation of 444,444 shares of ECOM Cox was provided for his consulting services is effectively worthless, and Cox has not been compensated for the reasonable value of the services he rendered to ECOM.

75.

ECOM has not compensated Cox for the consulting services conferred by Cox.

76.

Under the circumstances, it would be unjust for the Court to not enforce ECOM's promise.

77.

As a result of ECOM's failure to abide by its promise, Cox has been damaged in an amount exceeding $120,000 plus interest, costs, and expenses.

WHEREFORE, Cox demands judgment against ECOM for the value of his 444,444 shares in ECOM if they were unrestricted and liquid as promised by ECOM, plus costs, interest, reasonable attorney's fees, and all other relief that the Court deems just and proper.

## COUNT V – ATTORNEY'S FEES

### 78.

Cox incorporates by reference the allegations in Paragraph 1-75 of this Counterclaim as if fully stated herein.

### 79.

Pursuant to Section 11 of the Contract, Cox is entitled to recover reasonable attorneys' fees incurred in this action.

### 80.

Accordingly, Cox is entitled to recover its expenses of litigation, including attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Cox prays:

a)   Summons issue according to law;

b)   Cox's claims be tried by a jury of twelve fair and impartial members;

c)   The Court award Cox judgment against ECOM in an amount to be determined at trial, including pre-judgment interest, post-judgment interest, and all fees and expenses incurred in bringing this Counterclaim;

d)   The Court grant Cox such other and additional relief as is just and proper.

Respectfully submitted this 26th day of October, 2021.

/s/ Geremy W. Gregory
Geremy Gregory
Florida Bar No. 0102645
ggregory@balch.com
BALCH & BINGHAM, LLP
One Independent Drive, Suite 1800
Jacksonville, Florida  32202
Telephone:  (904) 348-6875
Facsimile:   (866) 501-9968

Christopher S. Anulewicz
Georgia Bar No. 020914
canulewicz@balch.com
*Pro hac application to be submitted.*
Jonathan R. DeLuca
Georgia Bar No. 228413
jdeluca@balch.com
*Pro hac application to be submitted.*
BALCH & BINGHAM LLP
30 Ivan Allen Jr. Boulevard, N.W.
Suite 700
Atlanta, GA 30308
Telephone: (404) 261-6020
Facsimile: (404) 261-3656

*Attorneys for Defendant Michael Cox*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 26th day of October, 2021, I caused to be electronically filed a copy of the foregoing **DEFENDANT MICHAEL COX'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following counsel of record:

Peter T. Mavrick
Nathan A. Kelvy
Mavrick Law Firm
1620 West Oakland Park Boulevard
Suite 300
Fort Lauderdale, FL 333111
peter@mavricklaw.com
nathan@mavricklaw.com

*/s/ Geremy W. Gregory*
Geremy Gregory