UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ECOM PRODUCTS GROUP
CORPORATION, a Florida For-Profit
Corporation,

       Plaintiff,

v.                                               Case No: 8:21-cv-1573-WFJ-AEP

MICHAEL COX,

       Defendant.
_____/

MICHAEL COX,

       Counter-Plaintiff,

v.

ECOM PRODUCTS GROUP
CORPORATION, a Florida For-Profit
Corporation,

       Counter-Defendant.
_____/

**ORDER**

      This matter comes before the Court on the Motion for Default Judgment filed by Defendant/Counter-Plaintiff Michael Cox ("Defendant"). Dkt. 79. Plaintiff/Counter-Defendant ECOM Products Group Corporation ("Plaintiff") did

not file a response. Upon careful consideration, the Court grants-in-part and denies-in-part Defendant's motion.

## BACKGROUND

On May 12, 2021, Plaintiff, a Florida e-commerce corporation, brought the present suit against Defendant, its former consultant, in the Circuit Court of the 6th Judicial Circuit in and for Pinellas County, Florida. Dkt. 1-1. Following Defendant's removal of the case to this Court, Plaintiff filed an Amended Complaint that asserted claims of breach of contract and breach of fiduciary duty against Defendant. Dkt. 26. Defendant thereafter brought alternatively-pled counterclaims of breach of contract, quantum meruit, unjust enrichment, and promissory estoppel. Dkt. 27.

After more than a year of litigation, Plaintiff's counsel moved to withdraw from representation. Dkt. 64. Plaintiff's counsel indicated that Plaintiff failed to meet its financial obligations and "insist[ed] upon taking action that Counsel considers repugnant, imprudent, or with which Counsel has a fundamental disagreement." *Id.* at 2. Following a hearing before the magistrate judge, Plaintiff's counsel's motion to withdraw was granted. Dkt. 71. The magistrate judge ordered Plaintiff to obtain new counsel, explaining that corporations litigating in federal court must be represented by counsel. *Id.* at 2. Plaintiff was warned that failure to obtain counsel could result in dismissal of its claims. *Id.*

Despite the magistrate judge's order, *id.*, Plaintiff failed to obtain new counsel. The Court ordered Plaintiff to appear at a telephonic hearing to show cause as to "why it should not be defaulted for failure to retain counsel as ordered," but Plaintiff did not appear. Dkt. 75. Plaintiff was then defaulted for failure to prosecute its claims and defend against Defendant's counterclaims. Dkt. 78 at 2. Defendant now moves for entry of default judgment. Dkt. 79.

## LEGAL STANDARD

After entry of default, a default judgment should only be entered where the well-pled allegations in the pleading "actually state a substantive cause of action and . . . there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Id.* at 863. A court may enter default judgment without a hearing if the amount claimed is a liquidated sum, an amount capable of mathematical calculation, or an amount demonstrated by detailed affidavits. *Bank of Am., N.A. v. Orlando Smiles, Inc.*, No. 6:21-cv-993-WWB-GJK, 2021 WL 8155499, at *2 (M.D. Fla. Nov. 17, 2021) (citations omitted).

Additionally, "[t]he district court has the authority to enter default judgment for failure to prosecute with reasonable diligence or to comply with its orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

3

## ANALYSIS

### I. Default Judgment

Defendant moves for default judgment on Plaintiff's claims and Defendant's breach of contract counterclaim. Dkt. 79. Following Plaintiff's attorneys' withdrawal from representation, Plaintiff failed to obtain new counsel as ordered, did not show cause for that failure, and did not appear at subsequent hearings. Entry of default judgment is therefore warranted, as Plaintiff has exhibited a failure to prosecute its claims and comply with court orders. *See Wahl*, 773 F.2d at 1174.

As for Defendant's breach of contract counterclaim against Plaintiff, Plaintiff—having been defaulted—is deemed to have admitted liability on Defendant's well-pled factual allegations. *See Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). "The elements of a breach of contract action are: (1) a valid contract; (2) a material breach; and (3) damages." *Abbott Lab'ys, Inc. v. Gen. Elec. Cap.*, 765 So. 2d 737, 740 (Fla. 5th DCA 2000). The Court finds that Defendant has sufficiently alleged the existence of a valid consulting contract, Plaintiff's breach of that contract by failing to compensate Defendant as provided by the contract, and damages arising from Plaintiff's breach. Dkt. 27 at 9−11.

The Court further finds that the amount of damages sought by Defendant is capable of mathematical calculation. In his supporting declaration, Defendant

explains that he was to be compensated for his consulting services with freely tradeable shares in the plaintiff company. Dkt. 79-1 at 2–4, 10. Instead, he received 444,444 non-tradeable shares valued at $0.27 per share. *Id.* at 4, 35. Defendant posits, and the Court agrees, that his contract damages are the notional value of his non-tradeable shares. *Id.* at 4. Defendant is therefore entitled to $119,999.88,[1] a sum certain reached by multiplying 444,444 by $0.27.

## II. Attorneys' Fees and Costs

Defendant also seeks to recover attorneys' fees and costs. *Id.* at 12; Dkt. 79 at 3–4. In his motion and supporting declaration, Defendant claims attorneys' fees and costs of $172,721.50. Dkt. 79 at 3–4; Dkt. 79-1 at 6. However, Defendant's attorney, Geremy W. Gregory, states in his declaration that the attorneys' fees and costs in this case amount to $172,322.45. Dkt. 79-2 at 3. The Court has not been provided with calculations showing how either number was reached. Having reviewed the billing records of Defendant's attorneys, *id.* at 6–66, the Court finds that the attorneys' fees and costs are correctly calculated as $172,322.45. That total consists of $161,381 in attorneys' fees and $10,941.45 in costs. *Id.*

Sitting in diversity, this Court must apply Florida substantive law on the issue of Defendant's entitlement to attorneys' fees. *See Pavarini Constr. Co. (SE)*

---

[1] Though, Defendant's motion rounds up his damages of $119,999.88 to $120,000, the Court declines to do so.

5

*v. Ace Am. Ins. Co.*, 161 F. Supp. 3d 1227, 1237 (S.D. Fla. 2015). Under Florida law, entitlement to attorneys' fees derives from a contract or statute. *Trytek v. Gale Indus., Inc.*, 3 So. 3d 1194, 1198 (Fla. 2009).

Defendant bases his request for attorneys' fees on the following provision in the parties' contract:

> **Attorney Fee's**. If any legal action or any arbitration or other proceeding is brought for the enforcement of this Agreement, or because of an alleged dispute, breach or default in connection with any of the provisions of this Agreement, the successful or prevailing party shall be entitled to recover reasonable attorneys' fees incurred in this action or proceeding in addition to any other relief to which he or it may be entitled.

Dkt. 79-1 at 12. Under the unambiguous terms of this provision, Defendant is entitled to recover attorneys' fees as the prevailing party in this contract dispute.

Having found that Defendant is entitled to attorneys' fees, the Court must next consider the reasonableness of those fees. In determining fees' reasonableness, courts applying Florida law utilize the lodestar method. *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985). Under this approach, a court must multiply the number of hours reasonably expended by a reasonable hourly rate. *Resolution Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1147 (11th Cir. 1993). The party seeking attorneys' fees has the burden of proving that the hourly rates and number of hours expended are reasonable.

6

*Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). Notably, "a reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (internal quotations and citations omitted).

Defendant relies on the aforementioned declaration of his attorney in support of his claimed attorneys' fees. Dkt. 79-2. The billing records attached to Mr. Gregory's declaration demonstrate that Mr. Gregory and his colleagues provided Defendant with roughly 400 hours of legal services at hourly rates ranging from $145 to $625, resulting in attorneys' fees totaling $161,381. *Id.* at 6−66. However, Mr. Gregory's declaration only provides information about the reasonableness of *his* hourly rate. Without any information concerning the experience of Mr. Gregory's colleagues listed in the billing records, the Court cannot determine the reasonableness of their rates. *See Duckworth*, 97 F.3d at 1396; *Universal Physician Servs., LLC v. Del Zotto*, No. 8:16-cv-1274-T-36JSS, 2017 WL 343905, at *4 (M.D. Fla. Jan. 6, 2017). The Court must therefore deny Defendant's request for attorneys' fees.

Defendant next requests $10,941.45 in costs. Dkt. 79-2 at 6−66. Federal Rule of Civil Procedure 54(d) provides that a court should award costs to a prevailing party. Recoverable costs are those set forth in 28 U.S.C. § 1920. Some

costs, such as fees paid to the Clerk, are categorically recoverable. 28 U.S.C. § 1920. Other costs—specifically the costs of transcripts and making copies—are only recoverable if those items were "necessarily obtained for use in the case." *Id.*

Here, Defendant does not detail the costs he seeks to recover. For example, Defendant seeks to recover $452.80 for "Color Copies" without explaining what materials were copied and for what purpose. Dkt. 79-2 at 64. A party seeking to recover the cost of copies must explain the nature of the documents copied and how they were used or intended to be used. *Game Craft, LLC v. Vector Putting, LLC*, No. 6:14-cv-243-Orl-28KRS, 2016 WL 7644788, at *5 (M.D. Fla. Nov. 22, 2016) (citations omitted). Defendant also fails to show that deposition transcripts and videos totaling $6,214.30 were necessarily obtained for use in this case. Dkt. 79-2 at 64. Nor does Defendant explain why it was necessary to obtain both transcribed and videotaped copies of certain depositions. *See Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 464−65 (11th Cir. 1996). Without these details, the Court cannot determine the amount of costs owed to Defendant.

## CONCLUSION

Based on the foregoing, the Defendant's Motion for Declaratory Judgment, Dkt. 79, is **GRANTED-IN-PART** and **DENIED-IN-PART**. The motion is granted to the extent that Defendant seeks entry of default judgment. Accordingly, damages are awarded in favor of Defendant and against Plaintiff in the amount of

8

**$119,999.88**. The motion is denied without prejudice to the extent that Defendant seeks attorneys' fees and costs. Defendant may file an amended motion for attorneys' fees and costs within **fourteen (14) days** that sets forth the experience of each billing professional listed in the billing records and explains how the copies, deposition transcripts, and deposition videos for which Defendant seeks to recover costs were necessarily obtained for use in this case.

   **DONE AND ORDERED** at Tampa, Florida, on September 21, 2022.

               */s/ William F. Jung*
                **WILLIAM F. JUNG**
                **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record
ECOM Products Group Corporation, P.O. Box 10542, Tampa, Florida 33786