UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ECOM PRODUCTS GROUP
CORPORATION, a Florida For-Profit
Corporation,

      Plaintiff,

v.                                      Case No: 8:21-cv-1573-WFJ-AEP

MICHAEL COX,

      Defendant.
_____/

**ORDER**

This matter comes before the Court on Defendant Michael Cox's Amended Motion for Attorneys' Fees, Costs, and Sanctions.[1] Dkts. 86 (incorporating Dkts. 79 & 80). Plaintiff ECOM Products Group Corporation did not file a response. Upon careful consideration, the Court grants-in-part and denies-in-part Defendant's motion.

**BACKGROUND**

Plaintiff, a Florida e-commerce corporation, brought the present suit against

---

[1] Defendant has filed three motions seeking the same relief. *See* Dkts. 86, 87, 88 (all seeking attorneys' fees, costs, and sanctions). The Court need only consider the first motion, as the second motion merely requests that this Court expedite its ruling on the first motion filed two weeks prior, and the third motion is an amended version of the second motion clarifying the requested sanctions. *See* Dkt. 87 at 1−2; Dkt. 88 at 1−2.

Defendant, its former consultant, in the Circuit Court of the 6th Judicial Circuit in and for Pinellas County, Florida, in May 2021. Dkt. 1-1. Following Defendant's removal of the case to this Court, Plaintiff filed an Amended Complaint against Defendant. Dkt. 26. Plaintiff contended that Defendant breached both the parties' consulting contract and Defendant's fiduciary duty owed to Plaintiff by failing to meet his consulting obligations. *Id.* Defendant thereafter brought alternatively-pled counterclaims asserting breach of contract, quantum meruit, unjust enrichment, and promissory estoppel, asserting that Plaintiff failed to compensate him for his consulting services. Dkt. 27.

Throughout this litigation, Defendant has maintained that the plaintiff company is merely "an elaborate front" used by Plaintiff's Executive Chairman Andrew Waters "to convert business 'investments' for his own personal use." Dkt. 44 at 2. Defendant also maintained that Mr. Waters filed Plaintiff's "baseless lawsuit in an effort to silence and discredit [Defendant] in order to continue his fraudulent scheme." *Id.* The parties' contentious litigation did not last long, as Plaintiff was defaulted in September 2022 for failure to retain new counsel as directed by the Court following the withdrawal of its attorneys. Dkt. 78.

In the weeks that followed, Plaintiff did not appear at hearings and failed to comply with court orders. *See* Dkt. 82 at 4. Defendant then filed a Motion for Default Judgment, in which he also sought attorneys' fees and costs. Dkt. 79.

Defendant simultaneously filed a Motion for Sanctions, requesting that the Court hold Mr. Waters jointly and severally liable for any award of attorneys' fees and costs entered against Plaintiff. Dkt. 80. The Court granted Defendant's request for the entry of a default judgment and awarded $119,999.88 in favor of Defendant and against Plaintiff on Defendant's breach of contract counterclaim. Dkt. 82 at 8−9. However, the Court dismissed Defendant's Motion for Default Judgment without prejudice to the extent the motion requested attorneys' fees and costs. *Id.* The Court acknowledged that Defendant was entitled to attorneys' fees and certain costs, but it could not assess the reasonableness of his requested fees and costs absent additional information. *Id.* at 6−7. The Court did not reach Defendant's Motion for Sanctions for the same reason.

Defendant has since filed the present Amended Motion for Attorneys' Fees, Costs, and Sanctions.

## ANALYSIS

In his amended motion, Defendant asks that Plaintiff be ordered to pay Defendant's attorneys' fees of $177,123.90 and costs of $8,968.47. Dkt. 86 at 3. Defendant further contends that Mr. Waters, who is not a named party to this case, should be sanctioned for bad faith conduct during this litigation. Defendant asks that these sanctions be in the form of holding Plaintiff and Mr. Waters jointly and severally liable for Defendant's claimed attorneys' fees and costs, as well as the

3

Court's prior default judgment award of $119,999.88. *Id.*; Dkt. 88 at 2. The Court considers Defendant's requests in turn.

## I. Attorneys' Fees

Having previously determined that Defendant is entitled to attorneys' fees, the Court must now determine a reasonable fee award. Courts applying Florida law apply the lodestar method in assessing fees' reasonableness. *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985). Under the lodestar method, a court must multiply the number of hours reasonably expended by a reasonable hourly rate. *Resol. Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1147 (11th Cir. 1993).

"[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (internal quotations and citations omitted). The "relevant legal community" is generally "the place where the case is filed." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (citation omitted). Where a court finds requested hours to be unreasonable, it may either "conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap it Up Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).

The lodestar calculated using a reasonable hourly rate and number of hours "almost always" subsumes additional factors pertaining to reasonableness. *In re Home Depot Inc.*, 931 F.3d 1065, 1091 (11th Cir. 2019). These factors include: the time and labor required; the novelty and difficulty of the issues; the skill required; preclusion of other employment; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or circumstances; the amount involved and results obtained; the experience, reputation, and ability of counsel; the undesirability of the case; the nature and length of the professional relationship with the client; and awards in similar cases. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 n.4, 553 (2010).

The party seeking attorneys' fees has the burden of proving that the hourly rates and number of hours expended are reasonable. *Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). However, determining a reasonable fee is ultimately committed to a court's sound discretion. *Perdue*, 559 U.S. at 558.

### A. Requested Fees

Here, Defendant seeks $177,123.90 in attorneys' fees. Of this amount, Defendant states that $161,381 represents fees already paid to his attorneys and $15,742.90 constitutes future fees he "will incur." Dkt. 86 at 2. Because Defendant offers no support for his speculative claim of future attorneys' fees, the Court must

5

disregard his request for an additional $15,742.90. The Court may, however, consider Defendant's claim for attorneys' fees of $161,381 already incurred.

The requested attorneys' fees account for the services of eighteen billing professionals. The following table summarizes the fees Defendant seeks to recover for each billing professionals' services, with certain billing professionals listed twice to account for hourly rate increases during this litigation:

| BILLING PROFESSIONAL | HOURLY RATE | HOURS EXPENDED | TOTAL FEES |
|---|---|---|---|
| Gregory | $400 | 33 | $13,200 |
| Gregory | $410 | 39.9 | $16,359 |
| Anulewicz | $600 | 27.6 | $16,560 |
| Anulewicz | $625 | 30.7 | $19,187.50 |
| Shirley | $420 | 140.4 | $58,968 |
| Henson | $220 | .2 | $44 |
| Henson | $225 | 3 | $675 |
| Monsorno | $145 | 4.8 | $696 |
| Monsorno | $165 | .2 | $33 |
| Borey | $250 | 5.7 | $1,425 |
| Deluca | $310 | 44.9 | $13,919 |
| Kostel | $175 | 5.4 | $945 |
| Lee | $175 | 1.5 | $262.5 |
| Lombard | $300 | 20.3 | $6,090 |
| Lombard | $320 | 6.5 | $2,080 |
| Mensah | $150 | 1.5 | $225 |
| Walker | $300 | 21.7 | $6,510 |
| Walker | $310 | 3.9 | $1,209 |
| Wynn | $265 | 1.2 | $318 |
| Pendergrass | $250 | 1.2 | $300 |
| Seng | $210 | 2 | $420 |
| Baxley | $270 | 2.3 | $621 |
| Trinidad | $270 | 3.7 | $999 |
| Hodinka | $335 | 1 | $335 |
| **OVERALL TOTALS** | | 402.6 | $161,381 |

See Dkt. 79-2 at 6−66.

In support of the reasonableness of the above rates and hours, Defendant offers the declarations of three timekeepers—attorneys Geremy W. Gregory, Sean W. Shirley, and Christopher S. Anulewicz. In his declaration, Mr. Gregory states that he has been practicing law for sixteen years and contends that he has recovered his hourly rates of $400 and $410 in similar cases. *Id.* at 2–3. In noting that he has practiced law for over two decades, Mr. Anulewicz informs the Court of his expertise and experience in business litigation. Dkt. 86-1 at 2–3. Like Mr. Gregory, Mr. Anulewicz states that he regularly recovers his $610 and $620 hourly rates. *Id.* at 4. Finally, Mr. Shirley states that he has over two decades of experience practicing law, including complex commercial litigation, and offers that he regularly recovers his rate of $420 per hour. Dkt. 86-2 at 1–6.

Mr. Shirley also sets forth the education and experience of other attorneys listed in Defendant's billing records. *Id.* at 7–8. The attorneys identified by Mr. Shirley are Robert Baxley, Jonathan Deluca, Ryan Hodinka, Jena Lombard, Christopher Walker, and Jace Williams. *Id.* Notably, there is no evidence before the Court that Jace Williams worked on Defendant's case, as he is not listed in Defendant's billing records. Defendant therefore cannot recover any fees for Mr. Williams' work. Concerning the other five attorneys, Mr. Shirley contends that their rates—which range from $270 to $335 per hour—are based upon their expertise and experience. *Id.* at 7.

Mr. Shirley also identifies a handful of other billing professionals listed in Defendant's billing records. He states that Amanda Henson, Jordan Seng, Tracey Mensah, Erin Monsorno, Nora Pendergrass, and Stefanie Rice are "paralegals or staff." *Id.* Like Mr. Williams, Stefanie Rice is not mentioned anywhere in Defendant's billing records. Defendant therefore cannot recover fees for Ms. Rice's work. Additionally, designating the other five individuals as "paralegals or staff" does not sufficiently identify their roles. It remains unclear to the Court whether these five individuals are paralegals, law clerks, or other staff members.

Moreover, in failing to adequately identify these individuals' roles, Defendant declined to heed this Court's prior order directing Defendant to "set[] forth the experience of *each* billing professional listed in Defendant's billing records.[.]" Dkt. 82 at 9 (emphasis added). No mention is made of these individuals' experience as paralegals or staff. Having failed to provide sufficient information concerning these five individuals, the Court cannot assess the reasonableness of their rates. Defendant cannot recover fees for their services.

While Defendant did not sufficiently identify the roles of some timekeepers, he made no attempt to identify the roles of others. Despite the Court's prior order, Defendant has not indicated whether billing professionals Jennipher A. Borey, Kate Kostel, Paul T. Lee, Jefferson P. Wynn, and Antonia Trinidad are attorneys, paralegals, law clerks, or staff. The only information the Court possesses about

8

these five individuals is that they worked on Defendant's case for a combined total of 17.5 hours at hourly rates ranging from $175 to $270. *See* Dkt. 79-2 at 6−66. Given this lack of information, the Court has no way of assessing the reasonableness of their rates. Defendant cannot recover the fees of these unidentified billing professionals.

With Defendant unable to recover the fees of the five "paralegals or staff" and five unidentified billing professionals, Defendant's remaining claim for attorneys' fees only concerns Defendant's eight identified attorneys. This reduces Defendant's attorneys' fees claim to $155,038.50.[2]

### B. Reasonable Fees

Having determined that Defendant may not recover the fees of multiple billing professionals, the Court considers Defendant's reduced attorneys' fees claim of $155,038.50. Pursuant to the lodestar method, the Court must consider both the reasonableness of the eight identified attorneys' requested rates and the reasonableness of the hours they expended on this litigation.

In first assessing the reasonableness of the requested rates, the Court must ask whether the rates are "the prevailing market rates in the relevant legal

---

[2] The fees that Defendant cannot recover from the five "paralegals or staff" and five unidentified billing professionals total $6,342.50, which the Court subtracts from Defendant's initial claim of $161,381 in attorneys' fees. The requested attorneys' fees for the remaining eight attorneys total $155,038.50.

9

community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *See Duckworth*, 97 F.3d at 1396. Because Plaintiff filed this case in the Tampa Division of the Middle District of Florida, the relevant legal community is Tampa, Florida. *See Barnes*, 168 F.3d at 437.

Though Mr. Gregory states that the requested rates—which range from $270 to $625 per hour—are "reasonable for the Middle District of Florida for the same or similar services by attorneys of similar experience, reputation, and ability." Dkt. 79-2 at 3, no evidence is provided to support this conclusory statement. Defendant's attorneys do not direct the Court to any cases in which comparable attorneys recovered similar fees for similar services. Defendant's attorneys further fail to offer any cases in which they themselves recovered their requested rates.

To be sure, satisfactory evidence of a rate's reasonableness is "more than the affidavit of the attorney performing the work." *Loranger v. Stierham*, 10 F.3d 776, 781 (11th Cir. 1994). When faced with inadequate fee applications or a lack of documentation or testimonial support, a court "may consider its own knowledge and experience concerning reasonable and proper fees[.]" *Norman*, 836 F.2d at 1303. Given Defendant has not provided adequate support for the eight attorneys' rates, the Court will rely on its own knowledge and experience in assessing their reasonableness.

Turning first to Defendant's three attorneys who filed declarations, the Court

10

cannot say that their rates are reasonable for this case in this market. While the Court does not discredit Mr. Anulewicz's experience or expertise, his hourly rates of $600 and $625 are high for this type of case and this level of work. The Court is unaware of any comparable case. The Court notes that this case resulted in a default judgment roughly a year-and-a-half after its filing and did not involve complex or novel issues. The Court finds that Mr. Shirley's hourly rate of $420 and Mr. Gregory's hourly rates of $400 and $410 do constitute reasonable rates in Tampa given their litigation experience and the parameters of this default case.

Assessing the reasonableness of rates of Defendant's other five attorneys presents a challenge due to the limited information provided by Defendant. Defendant has only informed the Court of these attorneys' alma maters, bar admissions, judicial clerkships, and practice areas. *See* Dkt. 86-2 at 7−8. The Court knows nothing of these attorneys' litigation experience or lack thereof. The Court cannot compare these attorneys' rates to those of local attorneys of similar "skills, experience, and reputation," *see Duckworth*, 97 F.3d at 1396, because the skills, experience, and reputation of these five attorneys are largely unknown. As the Court will explain below, the total attorneys' fees awarded in this case must be reduced to reflect excessive or otherwise insufficiently supported rates.

Setting aside the reasonableness of the requested rates, the Court turns to the reasonableness of the number of hours expended by Defendant's attorneys on this

11

case. Defendant's eight attorneys billed a total of 344.6 hours on Defendant's case. *See* Dkt. 79-2 at 6–66. As an initial matter, the Court finds that this case is overstaffed with timekeeping attorneys. *See Baby Buddies, Inc. v. Toys R Us, Inc.*, No. 8:03-cv-1377-T-17MAP, 2011 WL 4382450, at *10 (M.D. Fla. Aug. 9, 2011) (finding number of timekeepers to be excessive "for litigation of claims [defendant] adamantly contends are frivolous and objectively unreasonable"). And while Defendant's billing records adequately support some of these timekeepers' hours, there are several entries that the Court is unable to evaluate due to heavy redactions. For example, some redactions leave time entries with only a single identifiable word, such as "Supplement" or "Review." *See, e.g.*, *id.* at 33, 37. What was being supplemented or reviewed is unclear. Other redacted entries indicate that Defendant's attorneys handled phone calls, emails, and research with no other context as to the purpose of those tasks. *See, e.g.*, *id.* at 43–44.

When the subject of a task performed is redacted, a court is precluded from determining whether the time spent on that task was reasonable. *See People for Ethical Treatment of Animals, Inc. v. Dade City's Wild Things, Inc.*, No. 8:16-cv-2899-T-36AAS, 2020 WL 6938636, at *4 (M.D. Fla. Nov. 25, 2020). When presented with redacted time entries or otherwise insufficient billing records, a court may apply an across-the-board reduction to the lodestar. *Id.* at *4–5 (reducing lodestar by 33% due, in part, to the court's inability to fully assess

12

defendant's redacted billing records); *see also Dial HD, Inc. v. ClearOne Commc'ns*, 536 F. App'x 927, 931 (11th Cir. 2013) (upholding 25% across-the-board reduction where district court was unable to ascertain time spent on each task through billing records). Because Defendant's heavily redacted billing records preclude this Court from analyzing the reasonableness of the all hours expended by Defendant's attorneys, an across-the-board reduction of the lodestar is warranted.

In this case, when accepting the rates and hours billed by Defendant's eight attorneys as reasonable, the lodestar is $155,038.50.[3] However, based on its knowledge and expertise, the Court finds that the lodestar should be reduced by 35%. This reduction accounts for: (1) Mr. Anulewicz's rates that are too high for this type of case; (2) the Court's inability to full assess the reasonableness of five other attorneys' rates; (3) the time entries that the Court cannot review due to heavy redactions; and (4) the case being overstaffed with timekeepers. *See McCarthy v. Atl. Cruising, Inc.*, No. 8:19-cv-437-T-35TGW, 2020 WL 10692521, at *2 (M.D. Fla. Feb. 13, 2020) (applying across-the-board reduction of 20% where defendant failed to show reasonableness of both rates and hours); *see also Dade City's Wild Things*, 2020 WL 6938636, at *6 (applying 33% reduction due to redacted time entries, excessive hours, and duplication of tasks); *McBride v. Legacy Components, LLC*, No. 8:15-cv-1983-EAK-TGW, 2018 WL 4381181, at

---

[3] *See supra* note 2.

\*3 (M.D. Fla. Aug. 30, 2018) (applying 35% reduction where billing records were inadequate).

A 35% reduction results in a lodestar amount of $100,775.02, which this Court finds to be a reasonable fee award in this litigation.

## II.  Costs

In addition to moving for attorneys' fees, Defendant seeks an award of costs against Plaintiff in the amount of $8,968.47. Dkt. 86 at 3. Though Defendant states that the parties' underlying consulting contract permits Defendant's recovery of costs, *see* Dkt. 79 at 2, this position is flawed. The contract provides that the party prevailing in breach of contract action would be entitled to "reasonable attorneys' fees[.]" Dkt. 26-1 at 5. The contract makes no mention of entitlement to costs or expenses. However, as this Court noted in its prior order, Defendant remains entitled to certain costs pursuant to 28 U.S.C. § 1920 given his status as the prevailing party in this action.

Even so, Defendant has yet to follow the procedural requirement set forth § 1920. That section provides that "[a] bill of costs shall be filed in the case[.]" 28 U.S.C. § 1920. A bill of costs is necessary here, as Defendant has not itemized the costs he seeks to recover. Defendant has only provided the Court with his billing records, which list over $10,000 in charges separate from attorneys' fees. *See* Dkt. 79-2 at 6−66. In his present motion requesting $8,968.47 in costs, Defendant has

14

only identified $6,214.30 as deposition transcript and video costs. *See* Dkt. 86-1 at 5. The Court will not guess as to what other charges comprise the remaining $2,754.17 that Defendant seeks to recover as costs.

The Court notes that Plaintiff has not raised any challenge to Defendant's request for costs. Accordingly, the Court will permit Defendant to file a bill of costs as required by § 1920, as Plaintiff will not suffer prejudice. *See Star2Star Commc'ns, LLC v. AMG Grp. of Brunswick, LLC*, No. 8:20-cv-2078-TPB-JSS, 2022 WL 3691190, at *3 (M.D. Fla. Aug. 5, 2022). If Defendant chooses to file a bill of costs, he should consult 28. U.S.C. § 1924, which sets forth additional procedural requirements, and Federal Rule of Civil Procedure 54(d)(1), which provides the process for taxation of costs.

### III.  Sanctions

Finally, Defendant moves for sanctions against Plaintiff's Executive Chairman Andrew Waters, who is not a party to this action. Defendant requests that Mr. Waters be held jointly and severally liable for the $119,999.88 default judgment award previously ordered against Plaintiff in favor of Defendant, as well as any attorneys' fees and costs awarded against Plaintiff in this case. Dkt. 86 at 2; Dkt. 88 at 2.

In support of his position that this Court should sanction Mr. Waters, Defendant relies on a test set forth in *JTR Enterprises, LLC v. An Unknown*

*Quantity*, 93 F. Supp. 3d 1331 (S.D. Fla. 2015). *See* Dkt. 80 at 12–15. In determining whether to sanction a non-party for bad faith conduct, the *JTR* court applied a test derived from the Eastern District of Michigan. 93 F. Supp. 3d at 1367–68 (citing *Helmac Products Corp. v. Roth (Plastics) Corp.*, 150 F.R.D. 563 (E.D. Mich. 1993)). Under the test, for a non-party to be subject to a court's power to sanction, the non-party "must (1) have a substantial interest in the outcome of the litigation and (2) substantially participate in the proceedings in which he interfered." *Id.* at 1367 (quoting *Helmac*, 150 F.R.D. at 568).

While Defendant sufficiently demonstrates Mr. Water's substantial interest in the outcome of this case as Plaintiff's Executive Chairman and offers numerous examples of his substantial participation in this litigation, including his participation in depositions, Defendant overlooks an additional requirement identified in *JTR*. The *JTR* court emphasized that the party seeking sanctions must prove its allegations of bad faith conduct "by clear and convincing evidence." 93 F. Supp. 3d at 1368. Defendant has not carried this burden.

Defendant has not provided clear and convincing evidence to support his overarching allegation that "Waters defrauded this Court by orchestrating the filing and maintenance of this litigation when he knew it had no merit and with the improper purpose of punishing Cox for disclosing that Waters was a con-man and that [Plaintiff] was a mere artifice to perpetuate his scheme." *See* Dkt. 80 at 1–2.

16

Though there may be truth to Defendant's allegations, the Court is left with little more than inferences to support such bad faith conduct.

Even if the Court were to find that Defendant carried his burden under this test, the Court is reluctant to apply a test that has not been adopted by the courts in this District. Defendant has not cited—nor has this Court found—binding case law applying the test utilized by the *JTR* court. Accordingly, the Court declines to issue the requested sanctions against non-party Mr. Waters.

## CONCLUSION

Based on the foregoing, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Defendant's Amended Motion for Attorneys' Fees, Costs, and Sanctions, Dkt. 86. The motion is **GRANTED** in that Defendant shall recover attorneys' fees of $100,775.02. The Clerk is directed to enter judgment for attorneys' fees in this amount in favor of Defendant and against Plaintiff. The motion is **DENIED** to the extent Defendant seeks costs and sanctions. However, within ten (10) days, Defendant may renew his request for costs by filing a bill of costs as required by 28 U.S.C. § 1920.

**DONE AND ORDERED** at Tampa, Florida, on October 21, 2022.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record